1
2
3
4
5
6          UNITED STATES DISTRICT COURT
7         EASTERN DISTRICT OF WASHINGTON
8

| | |
|---|---|
| 9  SM HILL FAMILY, LLC, a Washington<br>10 limited liability corporation, and HILL<br>11 AEROSYSTEMS, INC., a Washington<br>12 corporation,<br>13         Plaintiffs,<br>14         v.<br>15 UNITECH HOLDINGS, INC., an<br>16 Oklahoma corporation; ACORN<br>17 GROWTH COMPANIES, LC an<br>18 Oklahoma corporation; EDGEWATER<br>19 FUNDS, a Delaware limited liability; and<br>20 JOHN DOE COMPANIES 1-99, the<br>21 corporate affiliates of ACORN GROWTH<br>22 COMPANIES, LC and EDGEWATER<br>23 SERVICES, LLC d/b/a THE<br>24 EDGEWATER FUNDS,<br>25         Defendants. | No. 2:15-CV-00298-SAB<br><br>**ORDER DENYING 12(B)(6) MOTION TO DISMISS AND GRANTING DISMISSAL OF FRAUD CLAIM** |

26     Before the Court is Plaintiffs' Notice of Partial Dismissal, ECF No. 12, and
27 Defendants' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6), ECF No. 9. The
28 Court held a hearing on January 21, 2016, in Spokane, Washington, where

**ORDER DENYING MOTION TO DISMISS AND GRANTING DISMISSAL OF FRAUD CLAIM ^ 1**

1 Plaintiffs were represented by Matthew Daley, and Defendants were represented
2 by Courtney Garcea and Chad Schiefelbein. The Court has considered the
3 pleadings, motion, responses, documents, and oral argument; thus informed, the
4 motion to dismiss is **denied** and the notice of dismissal is **granted.**

5      As a preliminary matter, the Court recognizes that Plaintiffs have
6 voluntarily dismissed their fifth cause of action without prejudice and without
7 fees, with no objection from the Defendants. For purposes of Fed. R. Civ. P.
8 41(a)(1), no answer, counterclaim, or motion for summary judgment has been
9 filed. The partial dismissal is **granted**.

10      The Court now turns to the motion to dismiss. In short, Defendants argue
11 that because the Plaintiffs did not explicitly state in their complaint that they
12 complied with contractual provisions mandating a 30 day negotiation period
13 before filing a lawsuit regarding a particular claim for indemnification, that claim
14 should be dismissed.

15      Plaintiffs must allege facts, taken as true by the Court, which state a
16 plausible claim for relief on their face to survive a 12(b)(6) Motion to Dismiss.
17 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In turn, a plausible claim is one that is
18 more than speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
19 Conclusory allegations or bare statements are insufficient. *Iqbal*, 556 U.S. at 678.

20      The Court generally may not consider material beyond the pleadings when
21 considering a 12(b)(6) motion, *Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
22 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), but may consider extraneous documents
23 under the incorporation by reference doctrine, *Knievel v. ESPN*, 393 F.3d 1068,
24 1076 (9th Cir. 2005). Under this rule, the Court can consider "documents whose
25 contents are alleged in a complaint and whose authenticity no party questions, but
26 which are not physically attached to the plaintiff's pleading." *Id.* This is common
27 where the plaintiff's claim depends on a document, the defendant includes the
28 document in the motion to dismiss, and no party disputes its authenticity. *Id.*

ORDER DENYING MOTION TO DISMISS AND GRANTING DISMISSAL
OF FRAUD CLAIM ^ 2

The only claim subject to the motion to dismiss is the claim regarding undisclosed accounts payable. The Court has reviewed the Stock Purchase Agreement at issue in this case, and finds that the Plaintiffs have stated their claim sufficiently.[1] The details surrounding the claim are specific—Plaintiffs allege the various invoices in dispute, and their dollar amounts, and pled that they complied with their obligations under the Stock Purchase Agreement, satisfying any conditions precedent to suit for purposes of the instant motion to dismiss. Further parsing this issue, with attendant factual disputes and questions of the sufficiency of the papers provided to substantiate the claim, is inappropriate at this stage of the case. The motion to dismiss is **denied.**

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Notice of Partial Dismissal, ECF No. 12, is **GRANTED**. The fifth cause of action for fraud and misrepresentation is dismissed without prejudice and without costs and fees.

2. Defendants' Motion to Dismiss Under Rule 12(b)(6), ECF No. 9, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 22nd day of January, 2016.



Stanley A. Bastian
United States District Judge

---

[1] Because Plaintiffs sufficiently pled the disputed claim, the Court makes no ruling on Plaintiffs' alternate argument that the Stock Purchase Agreement's "[p]re-[s]uit ADR [p]rovisions are [n]ot [j]urisdictional." ECF No. 11 at 10:1-3.

ORDER DENYING MOTION TO DISMISS AND GRANTING DISMISSAL OF FRAUD CLAIM ^ 3